Ilya **WOLSTON**, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF HUMAN RESOURCES SOCIAL SERVICES ADMINISTRATION, Respondent.**

No. 6053.

District of Columbia Court of Appeals.

Argued Jan. 10, 1972.

Decided May 22, 1972.

Rehearing Denied July 5, 1972.

Edward E. Schwab, Washington, D. C., for petitioner.

Leo N. Gorman, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and GALLAGHER and PAIR, Associate Judges.

PAIR, Associate Judge:

Petitioner is and had been for sometime prior to February 1971 a recipient of a monthly $56 food stamp coupon allotment, under a federally aided public assistance program administered in the District of Columbia by the Social Services Administration of the District of Columbia Department of Human Resources, respondent herein.

Informed in early February 1971 that petitioner had rented for $75 monthly one of the rooms in his apartment, respondent informed petitioner that it was proposed to increase from $4 to $26 the cost of his monthly food stamp coupon allotment. [1]

Complaining of the proposed increase, petitioner requested and was granted a hearing as required by 7 C.F.R. § 271.8(b) (3) (1971). Because of illness petitioner was not present at the hearing. Present, however, was his counsel who urged in petitioner's behalf that respondent's proposed action was not authorized because it was based upon rules and regulations which had not been promulgated and published as required by the District of Columbia Administrative Procedure Act. [2]

At the conclusion of the hearing the Hearing Officer made findings from which it was concluded in pertinent part that:

It is undisputed that Claimant receives $75.00 monthly from the rental of a room in his apartment. The impact of this income was to reduce his actual shelter cost from $160.00 per month to $85.00 per month. In a two person household such as that of claimant; the total Food Stamp coupon allotment is $56.00 per month for which his purchase requirement is $26.00 per month based on his current income category. This is in contrast with a $4.00 per month purchase requirement based on his previous income category, i. e. without his current rental from his roomer. The Agency action was in accordance with the provisions of DHR–SSA Food Stamp Operating Manual, Part 10, Chapter 5, Page 29.

This conclusion was sustained by the respondent and the cost of petitioner's $56 monthly food stamp coupon allotment was increased from $4 to $26.

---

1. Pursuant to regulations of the Secretary of Agriculture, 7 C.F.R. §§ 271.3–.5 (1971), the Food and Nutrition Service of that department prepared schedules by reference to which the cost of any food stamp coupon allotment must be determined. These schedules, called "Net Income and Coupon Issuance Table" effective March 1, 1970, spell out the total coupon allotment based upon the number of persons in the household and the purchase requirement of the allotment based upon the monthly net income of the household.

These schedules are reproduced in Part 10, Chapter 5 of respondent's Food Stamp Program Operating Manual (DHR–SSA, FSM 1–0) at pages 29–37.

2. D.C.Code 1967, § 1–1501 et seq. (Supp. IV, 1971).

On this petition for review, petitioner does not question the facts upon which respondent based its action, he merely renews the contention made at the hearing respecting the validity of the action. The substance of the contention is that respondent's Food Stamp Program Operating Manual became ineffective on October 21, 1970, because it was not published pursuant to the District of Columbia Administrative Procedure Act.[3] We affirm because respondent's action of which petitioner complains was compelled by regulations of the Secretary of Agriculture (Secretary) as implemented by the schedules prepared by the Food and Nutrition Service (FNS).

█ It is almost too clear for discussion that neither the regulations of the Secretary nor the schedules prepared by FNS are "rules" for purposes of the District of Columbia Administrative Procedure Act[4] which respondent was required to promulgate and publish.

The Food Stamp Act of 1964[5] expanded an existing experimental food stamp program into one of nationwide concern and participation. Responsibility for the program was vested in the Secretary who was authorized to make such regulations not inconsistent with the Act as he deems necessary or appropriate for its effective and efficient administration.[6]

To this end the Secretary made regulations providing for the participation of State agencies, including the District of Columbia, in the food stamp program, the establishment of standards for the determination of household eligibility,[7] and the issuance of food stamp coupons.[8] The regulations provided further that each State agency desiring to participate in the program shall prepare, in accordance with instructions issued by FNS, a proposed "Plan of Operation" and submit the same to FNS for approval.[9] It was then provided that:

> FNS, after consultation with the State agency, shall establish various classes of eligible households according to such factors as income, and family size and composition, and shall prepare a schedule showing the coupon allotments to be provided the various classes established, and the purchase requirements for such classes. [7 C.F.R. § 271.5(b) (1971).]

In this connection, FNS was authorized to implement such regulations by requiring (1) that all plans of operation and amendments thereto be approved by FNS before becoming effective, and (2) that each participating State agency "[a]gree to carry out the program in accordance with the provisions of this chapter." 7 C.F.R. § 271.8(b) (1) (1971).

Petitioner's eligibility for food stamp coupons is therefore controlled by regulations of the Secretary as implemented by FNS, rather than any rule or regulation of the respondent. In summary, petitioner's monthly food stamp coupon allotment and the purchase requirement thereof were determined by reference to schedules prepared by FNS and made effective in the District of Columbia, upon approval on March 29, 1965 of respondent's "Plan of Operation."

It must follow from all of this that the regulations of the Secretary are not "rules" for purposes of the District of Columbia Administrative Procedure Act,[10]

---

3. D.C.Code 1967, §§ 1–1502(6) and 1–1507 (Supp. IV, 1971).

4. D.C.Code 1967, § 1–1502(6) (Supp. IV, 1971).

5. Pub.L. No. 88–525, 78 Stat. 703 et seq., 7 U.S.C. § 2011 et seq., (1970).

6. 7 U.S.C. § 2013(c) (1970).

7. 7 C.F.R. § 271.3(b) (1971) made petitioner eligible to participate in the program because he was a recipient of Aid to Families with Dependent Children.

8. 7 C.F.R. § 271.1(e), (f), (g) (1971).

9. 7 C.F.R. §§ 271.1(h) and 271.8 (1971).

10. D.C.Code 1967, § 1–1502(6) (Supp. IV, 1971).

nor, we hold, are the schedules prepared by FNS pursuant to such regulations. And even though the District of Columbia "Plan of Operation" was prepared and submitted to FNS by respondent, the plan was without any legal effect as a basis for the issuance of food stamp coupons until approved by FNS. [11]

The conclusion seems compelled therefore that respondent's Food Stamp Operating Manual, consisting, as it does, of a reprint of the "Plan of Operation," the schedules prepared by FNS, statutory references, guidelines for interoffice procedures, forms and reports, and what is identified in the manual as "Operating Data and Standards" is neither a regulation nor a "rule" within the purview of the District of Columbia Administrative Procedure Act. [12]

But whatever view may be taken respecting the manual, the inescapable fact is that what petitioner complains of is respondent's action in increasing from $4 to $26 the cost of his monthly food stamp coupon allotment and, as we have pointed out above, that action was compelled by regulations of the Secretary as implemented by the schedules prepared by FNS which are binding on all participants in the Food Stamp Program.

Affirmed.

GALLAGHER, Associate Judge (dissenting):

I would remand for further proceedings. Petitioner challenges here, and challenged before respondent, important administrative procedures of respondent. He contends essentially that respondent is operating in violation of the District of Columbia Administrative Procedure Act [1] in substantial respects. For example, he argues that respondent's food stamp regulations constitute a rule within the meaning of the Administrative Procedure Act and, contrary to the Act, they have not been published. Further, he contends that respondent failed to make any findings or conclusions of law concerning his major contentions, and that they are therefore fatally defective.

I find the record inadequate for any meaningful review of petitioner's principal contentions. These same contentions were made before respondent and were unanswered in the recommended and final decisions. In fact, the Director of the Public Assistance Division, in notifying appellant of the final decision, stated, "I have carefully *reviewed the summary of findings* and agree with the conclusions and recommendation of the Hearing Officer. . . ." (Emphasis supplied.)

The D.C. Administrative Procedure Act requires that a final decision must be based upon consideration of the record and not merely upon review of the findings in the recommended decision. D.C.Code 1967, § 1–1509(c) (Supp. IV, 1971). *See also* Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936).

I would remand to respondent for further proceedings resulting in agency findings and conclusions so as to afford us an adequate basis for determining whether petitioner's principal contentions have merit. I might say that, insofar as it appears in the incomplete record and findings we now have before us, there appears to me to be a substantial question as to whether the public, and especially potential and actual recipients of food stamps, are afforded reasonable access by the agency to all pertinent requirements for entitlement to food stamps, as well as the terms of entitlement. These people should be able to examine a publication which sets out in plain terms the requirements and terms of entitlement for food stamps so they may determine for themselves whether in their view they are qualified and to what extent.

---

11. 7 C.F.R. § 271.8(a) (1971).

12. D.C.Code 1967, § 1–1502(6) (Supp. IV, 1971).

1. D.C.Code 1967, §§ 1–1501 to –1510 (Supp. IV, 1971).